NATIONAL BANK OF STANFORD *v.* S. G. HOCKER.

[Abstract Kentucky Law Reporter, Vol. 3—535.]

**Delay in Collecting Evidence of Payment.**

> Where a bank, for a period of eight or nine years, delays any attempt to collect a note held by it, such delay tends to show that some settlement had been made.

**Consideration.**

> The delivery of one note in consideration for another is binding and may be pleaded, although not assigned.

APPEAL FROM LINCOLN COURT OF COMMON PLEAS.

January 17, 1882.

OPINION BY JUDGE PRYOR:

The delay on the part of the bank for the period of eight or nine years conduces strongly to show that some settlement had been made with reference to the note in controversy; and while some of the instructions were perhaps erroneous, the recovery was doubtless based on an instruction given at the instance of the plaintiff, the party now complaining. A surrender of the right to control or collect the fund due from the estate of Givens was a sufficient consideration for the agreement to surrender the note due by the appellee; and if the appellant undertook to collect the money and failed to do so, when it could have been done, it is responsible in damages, particularly when the laches of the bank has placed the entire burden of payment on one of the obligors.

However, waiving this view of the question, the appellant asked the court to instruct the jury, "That before they could find for the defendant they must believe from the evidence that the plaintiff agreed and did accept the pro rata declared on the Robert Givens note in full satisfaction of the note sued on." The propriety of this instruction is now questioned by the appellant, and while his view of the law may be correct it is too late to change the legal issue as presented by this instruction. The proof of the defendant is that the bank did agree and did accept the dividend in settlement and discharge of the note in controversy, and that he actually collected $100 of the money. It is

true the proof of the appellant is in direct conflict with that of the appellee, but it was with the jury to pass on the question of fact. It was certainly not necessary that the note on Givens should have been assigned to the bank in order to make the plea good. Under the former rule it would not have been a good plea of accord and satisfaction when not assigned, because the holder had no right to sue upon it; but under our present system he may sue, and a delivery of one note in consideration for another is binding and may be pleaded, although not assigned.

In this case it appears that Alcorn undertook to collect for the bank and actually paid $100 of the money, the proceeds of the Givens note; and while the record in the Givens suit shows the dividend was made for the benefit of some one else, still it is equally manifest that the party had no right to the money, and the proof tends to the conclusion that it was never paid to him; but whether so or not the issue was made, and if improperly made the appellant is in no condition to complain. We think upon another branch of this case it is clearly to be inferred that the bank undertook to collect this money and have it applied to the payment of this debt. It waited for years until two of the obligors become insolvent, neither demanding a renewal nor payment; and with such an agreement as is proven by Green to have been made with its president, the bank ought not to collect this money.

Judgment *affirmed.*

*J. S. & R. W. Hocker, for appellant.*

*J. S. Vanwinkle, R. C. Warren, for appellee.*